IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-327-2H
No. 5:13-CV-774-H

| | |
|---|---|
| TONY TERRAIL DANIELS,<br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | **ORDER** |

This matter is before the court on the government's motion to dismiss, [D.E. #119], in response to petitioner's motion to vacate under 28 U.S.C. § 2255, [D.E. #115]. Responses and replies have been filed by the parties, and this matter is ripe for adjudication.

**BACKGROUND**

On June 9, 2011, petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and to possess with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. As part of his written plea agreement, petitioner agreed to waive all rights to appeal whatever sentence imposed, "including any issues that relate to the establishment of the advisory

Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [petitioner] at the time of [his] guilty plea." [D.E. #55 at 1]. On January 11, 2012, petitioner was sentenced to a term of imprisonment of 135 months.

After having received permission from the court due to its untimeliness, petitioner filed a notice of appeal on March 5, 2012. On appeal, petitioner challenged the court's alleged failure to properly consider 18 U.S.C. § 3553(a) factors in explaining the sentence imposed. On November 30, 2012, the Fourth Circuit Court of Appeals dismissed petitioner's appeal as barred by the waiver of his right to appeal incorporated in his written plea agreement. On November 4, 2013, petitioner filed a timely motion to vacate his sentence pursuant to 28 U.S.C. § 2255 alleging: (1) his prosecution was tainted by the misconduct of a local law enforcement official; (2) his sentence was in excess of the maximum authorized by law; and (3) ineffective assistance of trial counsel at sentencing based on her failure to object to judicial fact-finding. On March 22, 2016, petitioner's sentence was reduced from a term of

2

imprisonment of 135 months to 108 months following a retroactive amendment to the United States Sentencing Guidelines.

## COURT'S DISCUSSION

### I. Prosecutorial Misconduct

Petitioner alleges he was prejudiced due to prosecutorial misconduct of an investigating law enforcement official. The first question presented is whether petitioner has waived his right to collaterally attack his sentence based on this claim in a motion to vacate filed under 28 U.S.C. § 2255. While the court "will enforce an appeal waiver so long as the waiver is knowing and intelligent[,]" the claim must also fall within the scope of the appeal waiver. United States v. Poindexter, 492 F.3d 263 (4th Cir. 2007). As alleged, petitioner's claim is based on prosecutorial misconduct unknown to him at the time he entered his guilty plea; therefore, petitioner's claim falls outside the scope of his appeal waiver.

The next question presented is whether petitioner has procedurally defaulted his claim. While petitioner did not include as a basis of his appeal on direct review any claim related to prosecutorial misconduct, petitioner's claim falls within an exception to the procedural default rule because the facts on which the claim is based are "dehors the record and their effect on the judgment was not open to consideration and review on appeal." See Bousley v. United States, 523 U.S. 614,

3

621-22 (1998). Petitioner's claim, therefore, is not subject to procedural default.

In support of his claim based on prosecutorial misconduct, petitioner alleges the misconduct of Officer Hoyle, an investigating agent in petitioner's criminal case, tainted the prosecution of his case. Petitioner alleges Officer Hoyle was arrested after petitioner was sentenced in 2012 for using money belonging to the government to solicit sex from a prostitute who was a minor. While Officer Hoyle's conduct, as alleged by petitioner, was egregious, petitioner does not allege this misconduct occurred before he was sentenced in early 2012.

Petitioner also complains Officer Hoyle "misrepresented relevant conduct..., suborned false testimonial evidence and expanded the scope of the crime by using non-testimonial reports by preparers, including himself, that lacked personal knowledge of the transactions..." [D.E. #115 at 4]. No witnesses, however, testified at petitioner's sentencing hearing, and petitioner did not object to any of the provisions, including those related to relevant conduct, contained in his presentence report. Petitioner's claim, therefore, appears in part to be an attempt to circumvent his appeal waiver by fashioning a challenge to the reliability of evidence relied upon by the court in establishing the advisory Guideline range as a claim of prosecutorial misconduct.

4

Petitioner does not expressly allege the prosecuting attorney in his case committed misconduct; rather, petitioner's claim is based on alleged outrageous conduct committed by an investigating law enforcement official. To support such a claim, petitioner must show law enforcement conduct was either unlawful or so outrageous as to violate fundamental notions of fairness in violation of his Fifth Amendment due process rights. The legal theory underpinning petitioner's claim was first conceived by the Supreme Court in United States v. Russell, 411 U.S. 423 (1973), and expounded upon in Hampton v. United States, 425 U.S. 484 (1976). Although rejecting application of such a theory in Russell, the Court observed it "may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial process to obtain a conviction..." 411 U.S. at 431-32. The Supreme Court has never upheld a case alleging outrageous government conduct as the basis of a Due Process Clause violation. In fact, in Hampton, a plurality of the Supreme Court limited the doctrine to instances where the defendant can show a specific violation of a protected right. 425 U.S. at 490.

After Hampton, the Fourth Circuit has held that the "'outrageous conduct' doctrine survives in theory, but is highly circumscribed." United States v. Hasan, 718 F.3d 338, 343 (4th

Cir. 2013). A due process violation may be found only when the conduct at issue "is outrageous, not merely offensive." United States v. Goodwin, 854 F.2d 33, 37 (4th Cir. 1988). Thus, in order for the government conduct to offend due process, the conduct must be "shocking" or "offensive to traditional notions of fundamental fairness." Hasan, 718 F.3d at 343 (citing United States v. Osborne, 935 F.2d 32, 37 (4th Cir. 1991)).

The misconduct by Officer Hoyle alleged as a basis for petitioner's prosecutorial misconduct claim simply is not so shocking as to offend traditional notions of fundamental fairness. Petitioner does not show Officer Hoyle's alleged sexual misconduct either occurred before he was sentenced in the instant criminal case or was connected in any way to the prosecution of petitioner's criminal case. Therefore, an insufficient connection between Officer Hoyle's alleged misconduct and petitioner's criminal prosecution has been shown to warrant the court's extraordinary finding of extreme and outrageous conduct in the instant case. Petitioner's claim based on prosecutorial misconduct is therefore DISMISSED.

### II. Sentencing Error

Second, petitioner claims the court miscalculated the quantity of drugs for which petitioner was responsible and employed impermissible judicial fact-finding to establish the advisory Guideline range, both of which resulted in a sentence

6

in excess of the maximum authorized by law. A criminal defendant may waive his right to collaterally attack his conviction and sentence "so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Sworn testimony offered by a criminal defendant in open court affirming his consent to entry into a plea agreement containing a plea waiver "[carries] a strong presumption of verity." See Id. (relying upon United States v. White, 366 F.3d 291, 295 (4th Cir. 2004)).

At petitioner's Rule 11 hearing, petitioner made solemn declarations stating he: (1) reviewed his plea agreement with counsel before affixing his signature; (2) understood the contents of his plea agreement including the appeal waiver; and (3) executed the plea agreement freely without external compulsion. [D.E. #103 at 16-18]. Particularly regarding the appeal waiver, the transcript reports:

> [COURT:] MR. DANIELS, DID YOU DISCUSS WITH MS. DARROW AND DO YOU UNDERSTAND THAT PARAGRAPH 2C ON THE BOTTOM OF THE FIRST PAGE OF THE PLEA AGREEMENT IS AN APPEAL WAIVER THAT I DISCUSSED, WHICH MAKES IT VERY DIFFICULT FOR YOU TO APPEAL WHATEVER SENTENCE IS IMPOSED. DO YOU UNDERSTAND THAT?
>
> [Petitioner:] YES SIR.

[D.E. #103 at 17]. Therefore, based on petitioner's solemn declarations in open court at his Rule 11 hearing, this court finds petitioner's waiver of his right to collaterally attack

7

his conviction as to the court's establishment of his advisory Guideline range at sentencing to be knowing and voluntary.

The advisory Guideline range established by this court was 135 to 168 months, and petitioner was sentenced to a term of imprisonment of 135 months which was below petitioner's maximum statutory punishment and at the bottom of his advisory Guideline range.[1] This court did not upwardly depart from the established Guideline range. Furthermore, on appellate review, the Fourth Circuit concluded that petitioner "knowingly and voluntarily waived [his] right to appeal and that the issues [petitioner] seek[s] to raise on appeal fall squarely within the scope of the valid and enforceable appeal waiver[]." [D.E. #106 at 2]. Therefore, petitioner was not sentenced in excess of the maximum authorized by law, and his claim based on alleged sentencing errors in calculating his advisory Guideline range is barred by the collateral attack waiver contained in his plea agreement. Petitioner's claim is therefore DISMISSED.

### III. Ineffective Assistance of Counsel

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of

---

[1] On March 22, 2016, petitioner's sentence was reduced to 108 months following application of a retroactive amendment to the Guidelines resulting in a two-level downward adjustment to his advisory Guideline range. See [D.E. #150].

reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

In support of his third claim, petitioner alleges trial counsel "failed to object to impermissible judicial fact[-]finding at sentencing." [D.E. #115 at 7]. The Supreme Court, however, has ruled sentences may be based in part on facts found by a judge by a preponderance of the evidence. See Rita v. United States, 551 U.S. 338, 350-52 (2007). In contrast, facts that increase a defendant's mandatory minimum sentence must be submitted to the jury or admitted by the defendant and proven beyond a reasonable doubt. Alleyne v. United States, 133 S.Ct. 2151, 2163 (2013). Here, petitioner did not object to any facts

9

contained in his presentence report, and the court did not find facts not admitted by the petitioner to increase his mandatory minimum punishment. Therefore, finding no error in the court's fact-finding procedure, trial counsel's failure to object on that basis is neither improper nor surprising. Even if trial counsel improperly failed to object to judicial fact-finding, which this court does not find, petitioner has failed to show prejudice under the second prong of Strickland as a result of trial counsel's alleged failure to object. Therefore, petitioner's third claim is DISMISSED.

**CONCLUSION**

For the foregoing reasons and others contained in the government's response in opposition to petitioner's motion to vacate, the government's motion to dismiss, [D.E. #119], is GRANTED, and petitioner's motion to vacate under 28 U.S.C. § 2255, [D.E. #115], is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38

10

(2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this Court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 27th day of June 2016.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34

11

Case 5:10-cr-00327-H   Document 154   Filed 06/27/16   Page 11 of 11